UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/14
```

------------------------------------------------x

ENDO PHARMACEUTICALS INC. and
GRÜNENTHAL GMBH,

      Plaintiffs,

   – against –

TEVA PHARMACEUTICALS USA, INC.,
and BARR LABORATORIES, INC.,

      Defendants.

------------------------------------------------

12-CV-08060 (TPG)

**OPINION**

Before the court is defendants' motion for leave to amend their answer and counterclaims to include declaratory judgment counterclaims of invalidity and non-infringement of U.S. Patent 8,075,872 (the "'872 Patent").

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). After 21 days have elapsed, the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should give such leave freely "when justice so requires." Id. However, leave should not be granted where the amendment is unduly delayed, brought in bad faith, where it would be futile, or where it would unduly prejudice the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

Delay alone is insufficient to justify denial of a motion to amend the pleadings. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000). For delay to bar amendment, a considerable time must have passed, without valid reason, between the filing of the pleading and the motion to amend. Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983) *aff'd*, 730 F.2d 910 (2d Cir. 1984). It is the movant's burden to show a valid reason for the delay. Id.

In the instant case, defendants delayed a year before seeking leave to amend their answer and counterclaims. Defendants filed their answer and counterclaims on April 5, 2013. See Dkt. #33. They did not seek leave to file amendments until April 10, 2014. See Dkt. # 61. In the interim period, this court held numerous conferences urging the parties to narrow the issues for trial. See, e.g., Hr'g Tr. Mar. 5, 2014 at 98–99.

Defendants' reason for the delay is that they did not recognize until March of 2014 that the '872 Patent would be a barrier to obtaining approval to market their generic drug product. Rep. Mem. L. Supp. Mot. Am. at 3. Defendants claim that upon discovering this issue, they sought plaintiffs' consent to amend their pleadings. Id. It was only after plaintiffs withheld their consent to the amendments that defendants filed their motion with the court. Id.

Defendants' lengthy delay in seeking leave to amend their answer and counterclaims is surprising given their sophistication and this court's insistence that the parties narrow the issues for trial. Nonetheless, this

delay was inadvertent. But inadvertence is not a wrongdoing and not so invalid a reason for delay as to bar amendment.

Plaintiffs argue that the court should hold defendants to the higher "good cause" standard announced in Federal Rule of Civil Procedure 16(b). However, this standard applies where the court has imposed a scheduling order in the case. See Fed. R. Civ. P. 16(b)(4). At the time of defendants' motion to amend, the court had not filed a scheduling order, but instead had repeatedly exhorted the parties to collaboratively narrow the issues for trial. See, e.g., Hr'g Tr. Mar. 5, 2014 at 98–99. Thus, plaintiffs cannot be held to the "good cause" standard found in Federal Rule of Civil Procedure 16(b).

There is nothing in the record to indicate that defendants brought the instant motion in bad faith, or that amendment would be futile. Indeed, defendants appear to lack any dilatory motive in seeking amendment, and adjudicating the validity or invalidity of the '872 patent will determine whether defendants can move forward in obtaining approval to market their generic drug product.

Finally, the prejudice to plaintiffs in allowing amendment will be slight. The invalidity of the '872 Patent has already been asserted by defendant Sandoz Inc. in a case that will be tried alongside this case. While plaintiffs may incur additional expense in preparing to litigate the '872 against the defendants, that expense is mitigated by the fact that these cases are being tried jointly.

- 4 -

For the reasons given, defendants' motion for leave to amend their answer and counterclaims is granted.

This opinion resolves the item listed as document number 61 in this case.

SO ORDERED

Dated:  New York, New York
        December 4, 2014

*[signature]*

Thomas P. Griesa
U.S. District Judge